LUIS M. GRANA Y ESTEBAN VARGAS, demandantes y apelantes, *v.* LUIS FERNANDO COLL, demandado y apelado.

Núm. 9178.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Abril 5, 1946.

*Heriberto Torres Solá* y *Rafael B. Pérez Mercado,* abogados de los apelantes; *Cayetano Coll Cuchí, Cayetano Coll Pujols* y *Víctor A. Coll,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se alega en la demanda en este caso que los apelantes, Luis M. Grana y Esteban Vargas, compraron dos parcelas de terreno de seis y diez cuerdas, respectivamente, segregadas de una finca de 20 cuerdas de Alberto S. Dunlop radicada en el Bo. Sábana Llana, de Río Piedras, y que la compra se hizo por mediación del demandado, Luis Fernando Coll, quien era el representante legal del Sr. Dunlop para hacer el negocio; que una de las parcelas se valoró en $8,000 y la otra en $9,000 y que el pago se hizo en dinero de curso legal a petición del demandado, quien hizo creer a los demandantes que siendo el Sr. Dunlop extranjero tendría dificultad en cambiar los cheques que a su favor habían extendido los demandantes; que el demandado indicó a los demandantes que para economizar en el pago de los derechos de documentación, honorarios del abogado o inscripciones en el registro se proponía hacer figurar en las escrituras como precio de cada venta el de $6,000; que el mismo día que los demandantes entregaron al demandado los $8,000 y $9,000, comparecieron ante el Lic. Gabriel de la Haba para el otorgamiento y firma de las correspondientes escrituras portando el demandado los $17,000 que constituían, según el demandado, el precio de las dos parcelas; que al hacer el pago al Sr. Dunlop, el demandado, en vez de entregarle los $17,000 le entregó $6,000 por cada una de las parcelas compradas por los demandantes y los restantes $5,000 se los entregó como pago de la parcela de cuatro cuerdas sobrante en la segregación de la finca la cual el deman-

dado, en otra escritura otorgada el mismo día, compró para sí. Los demandantes alegan que la transacción en cuanto a las cuatro cuerdas constituye un fideicomiso constructivo y solicitaron se ordenara al demandado a otorgar y traspasar el título de dicha parcela de cuatro cuerdas a su favor.

El demandado con su contestación radicó una moción sobre desestimación de la demanda porque los hechos alegados no eran suficientes para constituir una causa de acción a favor de los demandantes.

La Corte de Distrito de San Juan declaró con lugar dicha moción y concedió a los demandantes diez días para enmendar la demanda pero habiendo alegado éstos que no les era posible hacerlo, solicitaron se dictara sentencia y contra la dictada establecieron el presente recurso en el que sostienen que la corte inferior erró al desestimar la demanda y resolver que de los hechos relatados en la misma no aparece que los demandantes tengan causa de acción contra el demandado.

No se cometió el error imputado. Si, como se alega en la demanda, el convenio celebrado por los demandantes con el demandado fué para comprar, no la totalidad de la finca, sino dos parcelas que habían de ser segregadas, como lo fueron, por el precio de $17,000; y si además los demandantes alegan que estuvieron conformes en que en las escrituras se hiciera constar que el precio de cada parcela era el de $6,000 y adquirieron las dos parcelas; y, por último, si de las alegaciones de la demanda no se infiere que el demandado fuera agente de los demandantes ni que existiera relación fiduciaria de clase alguna entre ellos, no erró la corte al resolver que de dichas alegaciones no surge la existencia de un fideicomiso constructivo en este caso. Los demandantes obtuvieron por su dinero lo que les había ofrecido el demandado a nombre del dueño. El hecho de que el demandado adquiriera para sí la tercera parcela de la finca cón parte del dinero pagado por los demandantes si a alguien defraudó, fué al dueño Sr. Dunlop, a menos que éste hubiera autorizado al demandado a hacer la transacción en la forma en que la hizo. De no

haberlo estado, entonces el demandado, de acuerdo con el artículo 1611 del Código Civil, estaría obligado, no para con los demandantes sino para con el Sr. Dunlop, ya que dicho artículo dispone que el mandatario está obligado "a abonar al mandante cuanto haya recibido en virtud del mandato," aun cuando lo recibido no se debiera al mandante.

*Debe confirmarse la sentencia apelada.*